IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MICHAEL DANIEL HAMMONDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:16CV818 |
| | ) | 1:02CR118-1 |
| UNITED STATES OF AMERICA, | ) | 1:02CR119-1 |
| | ) | |
| Respondent. | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action brings an amended motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Case Number 1:02CR118-1, Docket Entries 29-30; Case Number 1:02CR119-1, Docket Entries 141, 143.) Petitioner pled guilty in 2002 to armed bank robbery, in violation of 18 U.S.C. §§ 2113(d) and 2, in case number 1:02CR118-1 (Case Number 1:02CR118-1, Docket Entries 1, 12, 19). He also pled guilty to armed bank robbery, in violation of 18 U.S.C. §§ 2113(d) and 2, carrying and using a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), in case number 1:02CR119-1. (Case Number 1:02CR119-1, Docket Entries 1, 34, 56.) He was sentenced to a total of 298 months of imprisonment. (Case Number 1:02CR118-1, Docket Entry 19; Case Number 1:02CR119-1, Docket Entry 56.) Petitioner did not appeal.

In June of 2016, Petitioner filed a document the Court construed as a defective motion filed under 28 U.S.C. § 2255. (Case Number 1:02CR118-1, Docket Entries 27-28; Case Number 1:02CR119-1, Docket Entries 138-139.) The Court filed the action, struck the

motion, and allowed Petitioner to resubmit his motion in a manner conforming to the Court's Rules. (Case Number 1:02CR118-1, Docket Entry 28; Case Number 1:02CR119-1, Docket Entry 139.) The Court noted that, "To the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any resubmission by Petitioner." (*Id.*) In August 2016, Petitioner filed both a corrected motion and his amended motion. (Case Number 1:02CR118-1, Docket Entries 29-30; Case Number 1:02CR119-1, Docket Entries 141, 143.) Respondent filed a motion to dismiss. (Case Number 1:02CR118-1, Docket Entry 32; Case Number 1:02CR119-1, Docket Entry 146.) Petitioner, through counsel, then filed a notice that no further response would be filed. (Case Number 1:02CR118-1, Docket Entry 34; Case Number 1:02CR119-1, Docket Entry 148.) Petitioner then filed a pro se response, motion to amend, and supplement. (Case Number 1:02CR118-1, Docket Entries 36, 37, 39; Case Number 1:02CR119-1, Docket Entries 150, 151, 152.)

## Petitioner's Grounds for Relief

Petitioner's motion raises six grounds for relief.[1] Grounds One, Two, Five, and Six all contend that post-*Johnson*, Petitioner's North Carolina felony conviction for robbery with a dangerous weapon is no longer a violent felony under the Armed Career Criminal Act ("ACCA"). (Case Number 1:02CR118-1, Docket Entry 29, Grounds One, Two, Five, and Six; Case Number 1:02CR119-1, Docket Entry 141, Grounds One, Two, Five, and Six.) Ground Three contends that Petitioner's armed bank robbery convictions are not crimes of violence under 18 U.S.C. § 924(c). (Case Number 1:02CR118-1, Docket Entry 29, Ground

---

[1] Petitioner's grounds for relief are often redundant or overlap. The Court has endeavored to address them herein in an efficient and logical manner and so has grouped them accordingly. In any event, all of Petitioner's claims should be denied or dismissed for the reasons set forth above.

2

Three; Case Number 1:02CR119-1, Docket Entry 141, Ground Three.) Ground Four contends that Petitioner benefits from the Supreme Court's holding in *Mathis v. United States*, 136 S. Ct. 2243 (2016). (Case Number 1:02CR118-1, Docket Entry 29, Ground Four; Case Number 1:02CR119-1, Docket Entry 141, Ground Four.)

In his amended motion, Petitioner raises four claims. Petitioner's Seventh Ground contends that Petitioner may retroactively attack his mandatory guideline sentence. (Case Number 1:02CR118-1, Docket Entry 30, Ground Seven; Case Number 1:02CR119-1, Docket Entry 143, Ground Seven.) Grounds Eight through Ten contend that Petitioner's felony convictions and sentence rendered in a different case from a different court are constitutionally infirm. (Case Number 1:02CR118-1, Docket Entry 30, Grounds Eight, Nine, and Ten; Case Number 1:02CR119-1, Docket Entry 141, Grounds Eight, Nine, and Ten.) As explained below, none of these grounds warrants any relief.

### Grounds One, Two, Five, and Six

Petitioner first contends that post-*Johnson*, *Johnson v. United States*, 135 S. Ct. 2551 (2015), his North Carolina felony conviction for robbery with a dangerous weapon is no longer a violent felony under the ACCA. (Case Number 1:02CR118-1, Docket Entry 29, Grounds One, Two, Five, and Six; Case Number 1:02CR119-1, Docket Entry 141, Grounds One, Two, Five, and Six.) However, the Fourth Circuit Court of Appeals has explicitly rejected this argument and consequently it warrants no relief.

More specifically, the Fourth Circuit reasoned as follows:

> We begin our analysis with an overview of the ACCA. Under this statutory scheme, a defendant qualifies as an armed career criminal, and is subject to a mandatory minimum 15-year term of imprisonment, if he has three prior convictions for "a violent

3

felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). A crime qualifies as a "violent felony" if the offense is "punishable by imprisonment for a term exceeding one year" and

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another [the force clause]; or

> (ii) is burglary, arson, or extortion, involves use of explosives [the enumerated offense clause], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the residual clause].

*Id.* § 924(e)(2)(B). In *Johnson II*, decided before Burns-Johnson's sentencing hearing, the Supreme Court struck down the residual clause as unconstitutionally vague. 135 S.Ct. at 2557-60. Therefore, because robbery is not listed in the enumerated offense clause, statutory armed robbery under North Carolina law may qualify as a violent felony only by satisfying the requirements of the ACCA's force clause.

*United States v. Burns-Johnson*, 864 F.3d 313, 316 (4th Cir. 2017). The Fourth Circuit then analyzed the North Carolina statute in question and held that a North Carolina armed robbery conviction "entail[ed] the use, attempted use, or threatened use of physical force under the ACCA" and "categorically qualifie[d] as a violent felony under the ACCA." *Id.* at 318, 320. Consequently, Petitioner's contention that his North Carolina felony conviction for robbery with a dangerous weapon is no longer an ACCA predicate post-*Johnson* has no merit.[2]

---

[2] In Ground Two, Petitioner contends that in June of 2016 he sought post-conviction relief in state court attacking his robbery with a dangerous weapon conviction. (Case Number 1:02CR118-1, Docket Entry 29, Ground Two; Case Number 1:02CR119-1, Docket Entry 141, Ground Two.) To date, nearly three years later, nothing on the record suggest those efforts were successful and so this ground for relief is also without merit.

4

## Ground Three

Petitioner contends further that his armed bank robbery convictions are not crimes of violence for purposes of § 924(c). (Case Number 1:02CR118-1, Docket Entries 29, Ground Three, 37; Case Number 1:02CR119-1, Docket Entries 141, Ground Three, 151.) For the following reasons, this ground for relief fails too.

More specifically, as noted, *Johnson* found the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii) to be unconstitutionally vague. In light of this holding, in *Sessions v. Dimaya*, 138 S. Ct. 1204, 1211 (2018), the Supreme Court considered the meaning of "crime of violence" under the residual clause of the Immigration and Nationality Act, 18 U.S.C. § 16(b). Applying *Johnson* to § 16(b), the Supreme Court in *Dimaya* held that the residual clause was unconstitutionally vague. *Id.* at 1216. Nevertheless, while *Johnson* and *Dimaya* may have an effect on the constitutionality of § 924(c)(3)(B), Petitioner was convicted of armed bank robbery, which the United States Court of Appeals for the Fourth Circuit has held is a "crime of violence" under § 924(c)(3)(A), or the "force clause."

Section 924(c)(3) defines "crime of violence" to mean an offense that is a felony that meets either of two clauses. 18 U.S.C. § 924(c)(3). The first clause, the force clause, includes any offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The second clause, the residual clause, includes any offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). Armed bank robbery is an offense that "has as an element

5

the use, attempted use, or threatened use of physical force against the person or property of another," and is therefore a crime of violence under § 924(c)(3)(A).[3]

In *United States v. McNeal*, 818 F.3d 141, 151 (4th Cir. 2016), the Fourth Circuit reviewed whether federal bank robbery statutes remained crimes of violence under 18 U.S.C. § 924(c)(1)(A) after *Johnson*. It held that because armed bank robbery under 18 U.S.C. § 2113(d) and its lesser included offense, bank robbery under 18 U.S.C. § 2113(a), both require "the taking or attempted taking of property by 'force and violence, or by intimidation,'" those offenses have "as an element the use, attempted use, or threatened use of physical force" and meet the definition of "crime of violence" under the force clause. *Id.* at 157. Consequently, post-*Johnson* and post-*Dimaya*, Petitioner's convictions for armed bank robbery remain crimes of violence for purposes of § 924(c)'s force clause (§ 924(c)(3)(A)) and his claim therefore fails.

## Ground Four

Additionally, Petitioner's reliance on *Mathis v. United States*, 136 S. Ct. 2243 (2016) (1:02CR118-1, Docket Entry 29 at 11, Ground Four; 1:02CR119-1, Docket Entry 141 at 11, Ground Four) is misplaced if for no other reason than *Mathis* is not retroactive on collateral review. *See United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) (citing *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016)), *Dimott v. United States*, Nos. 2:06-CR-26-GZS; 2:16-CV-347-GZS, 2016 WL 6068114, at *3 (D. Me. Oct. 14, 2016) (unpublished), and *Blackwell v. United States*, No. 4:10-CR-00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016) (unpublished). In fact, the Supreme Court itself noted that the decision did not change prior

---

[3] Whether § 924(c)(3)(B) remains constitutional post-*Johnson* is not yet settled. However, because Petitioner's convictions for armed bank robbery satisfy the force clause, 18 U.S.C. § 924(c)(3)(A), the Court may resolve this case without addressing that question.

law.  *Mathis*, 136 S.Ct. at 2257 ("Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements."). Also, *Mathis* did not change precedent decided by the Fourth Circuit. *See id.* at 2251 & n.1 (citing *Omargharib v. Holder*, 775 F.3d 192 (4th Cir. 2014), as falling on the side of a circuit split that prevailed in *Mathis*). *Mathis* does not help Petitioner in this case.

Petitioner also references *Descamps v. United States*, 133 S. Ct. 2276 (2013). (Case Number 1:02CR118-1, Docket Entries 29, Ground Four, and 30, Grounds Eight and Nine; Case Number 1:02CR119-1, Docket Entry 141, Ground Four, 143, Grounds Eight and Nine.) However, like *Mathis*, *Descamps* does not create a new rule of constitutional law made retroactive to cases on collateral review. *See Hoskins v. United States*, No. 1:09CR366-1, 2017 WL 3841850, at *3 n.5 (M.D.N.C. Mar. 8, 2017) (unpublished) (collecting cases), *report and recommendation adopted*, No. 1:09CR366-1, 2017 WL 3841640 (M.D.N.C. Mar. 31, 2017) (unpublished); *Vargas-Soto v. Rickard*, 2017 WL 1788662, *1 (S.D.W.V. May 5, 2017) (unpublished) (collecting cases). *Descamps* does not help Petitioner in this case.

## Ground Seven

In Ground Seven,[4] and in his response, Petitioner contends that a career offender sentencing enhancement that was applied to him under § 4B1.1 of a mandatory[5] version of

---

[4] To the extent Petitioner premises this ground for relief on the assumption that his ACCA enhancement is invalid post-*Johnson*, it fails for the reasons set forth earlier in this Recommendation.

[5] If Petitioner is objecting in general to the fact that he was sentenced when the guidelines were still considered mandatory, that claim fails as well. *See United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005) (*Booker* is not retroactively available on collateral review).

7

the United States Sentencing Guidelines is no longer valid following *Johnson*. (Case Number 1:02CR118-1, Docket Entries 30, 37; Case Number 1:02CR119-1, Docket Entry 143, 150.) Respondent requests dismissal because this claim was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Petitioner's criminal judgment became final in January of 2003 when the time expired for him to file an appeal. (Case Number 1:02CR118-1, Docket Entry 19; Case Number 1:02CR119-1, Docket Entry 56.) *See* Fed. R.App. P. 4(b)(1)(A)(i) (2003) (permitting an appeal to be filed within 10 days of judgment). Petitioner did not raise his current claim for relief until 2016 when he filed his current § 2255 motion. (Case Number 1:02CR118-1, Docket Entries 29-30; Case Number 1:02CR119-1, Docket Entries 141, 143.) Petitioner's claim is thus many years out of time under subsection (f)(1). Only if another subsection gives Petitioner more time to file will his motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing the § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing his motion. Therefore, subsection two does not give Petitioner a longer limitation period.

8

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner relies on *Johnson* as the basis of his claim, but *Johnson* does not provide Petitioner with more time to file under subsection (f)(3). As the Fourth Circuit explained in *Brown* when addressing a *Johnson*-based challenge to a mandatory guidelines enhancement:

> Although this court can render a right retroactively applicable, only the Supreme Court can *recognize* a new right under § 2255(f)(3). Consequently, to find Petitioner's motion timely, we must conclude that it relies on a right "recognized" in *Johnson* or another more recent Supreme Court case. . . .

. . . .

> While *Johnson* did announce a retroactively applicable right, *Johnson* dealt only with the residual clause of [the Armed Career Criminal Act, 18 U.S.C. § 924(e)]—a federal enhancement statute. *Johnson* did not discuss the mandatory Sentencing Guidelines' residual clause at issue here or residual clauses in other versions of the Sentencing Guidelines.

. . . .

> Accordingly, at least for purposes of collateral review, we must wait for the Supreme Court to recognize the right urged by Petitioner. We hold that Petitioner raises an untimely motion in light of § 2255(f)(3)'s plain language, the narrow nature of *Johnson*'s binding holding, and *Beckles*'s indication that the position advanced by Petitioner remains an open question in the Supreme Court.

*United States v. Brown*, 868 F.3d 297, 301-03 (4th Cir. 2017) (emphasis added) (internal citations and emphasis omitted), *cert. denied*, 139 S. Ct. 14 (2018); *see also Brown*, 868 F.3d at 299 ("[W]e are constrained . . . from extrapolating beyond the Supreme Court's holding to apply what we view as its 'reasoning and principles' to different facts under a different statute or sentencing

9

regime. We are thus compelled to affirm the dismissal of Petitioner's motion as untimely under 28 U.S.C. § 2255(f)(3)."); *Brown*, 868 F.3d at 304 ("We are constrained from reading between the lines of [Supreme Court decisions] to create a right that the Supreme Court has yet to recognize. We are compelled to affirm [the dismissal of Petitioner's motion under Section 2255] because only the Supreme Court can recognize the right which would render Petitioner's motion timely under § 2255(f)(3)."). Based on the above analysis and the holding in *Brown*, subsection (f)(3) does not render Petitioner's ground for relief timely.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's claim in his motion, as amended, is based on facts that existed and were known to him at the time his Judgment was entered. A change in law does not constitute a new fact affecting the statute of limitations under subsection (f)(4). *United States v. Whiteside*, 775 F.3d 180, 184 (4th Cir. 2014). Therefore, this subsection also does not apply and Petitioner's guidelines argument is untimely.

Finally, the Supreme Court has determined that the one-year limitation period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).[6] However, Petitioner makes no argument that equitable tolling applies in his case. His claim is untimely and should be dismissed.

---

[6] To the extent Petitioner is attempting to attack the application of any particular guideline provision in his case, whether it be the career offender provision or otherwise, his efforts are time-barred for the reasons set forth above. Moreover, insofar as Petitioner contends that this claim is

10

## Grounds Eight, Nine, and Ten

Petitioner also attempts to attack a sentence and convictions imposed by a different federal court in a different federal case. (Case Number 1:02CR118-1, Docket Entry 30, Grounds Eight, Nine, and Ten; Case Number 1:02CR119-1, Docket Entry 141, Grounds Eight, Nine, and Ten.) This Court may not entertain such claims. *See United States v. Gadsden*, 332 F.3d 224, 226 (4th Cir. 2003) ("Under 28 U.S.C. § 2255, a prisoner in federal custody 'may move the court which imposed the sentence to vacate, set aside or correct the sentence[ ]'") (citing 28 U.S.C. § 2255). Consequently, the Court will dismiss these grounds for relief without prejudice to Petitioner raising his claims in the proper court.

## Motion to Amend

Petitioner has also filed a motion to amend and a supporting supplement. (Case Number 1:02CR118-1, Docket Entries 37, 39; Case Number 1:02CR119-1, Docket Entries 151, 152.) In these pleadings, Petitioner contends that under *Dimaya* his armed bank robbery convictions are no longer crimes of violence under 18 U.S.C. § 924(c). (*Id.*) Petitioner also correctly points out that the status of the residual clause set forth in § 924(c) is unsettled at this point, however, as noted above, that does not help Petitioner because his convictions for armed bank robbery remain crimes of violence for purposes of § 924(c)'s force clause (§ 924(c)(3)(A)). Consequently, while the Court will grant Petitioner's motion to amend, and consider Petitioner's additional argumentation, it does not warrant any form of relief.

---

timely because the Court permitted him to refile his original defective motion under § 2255, that argument also fails. As explained above, the Court specifically informed Petitioner at that time that "[t]o the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any resubmission by Petitioner." (Case Number 1:02CR118-1, Docket Entry 28; Case Number 1:02CR119-1, Docket Entry 139.)

11

## Conclusion

For the reasons set forth above, Petitioner is not entitled to any form of relief and his grounds should either be dismissed or denied. Neither discovery nor an evidentiary hearing are warranted in this matter.

**IT IS THEREFORE ORDERED** that Petitioner's motion to amend (Case Number 1:02CR118-1, Docket Entry 37; Case Number 1:02CR119-1, Docket Entry 151) be **GRANTED.**

**IT IS RECOMMENDED** that the Government's motion to dismiss (Case Number 1:02CR118-1, Docket Entry 32; Case Number 1:02CR119-1, Docket Entry 146) be **GRANTED**, that Petitioner's amended motion to vacate, set aside or correct sentence (Case Number 1:02CR118-1, Docket Entries 29-30, 37; Case Number 1:02CR119-1, Docket Entries 141, 143, 151), be **DENIED** and/or **DISMISSED**, and that judgment be entered **DISMISSING** the action. To the extent Petitioner has raised claims attacking his sentence or convictions in South Carolina, those claims should be **DISMISSED** without prejudice to him seeking relief in the appropriate jurisdiction.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge

April 9, 2019
Durham, North Carolina

12

Case 1:02-cr-00118-LCB   Document 40   Filed 04/09/19   Page 12 of 12